IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| SAFE HARBOR INSURANCE COMPANY, as Subrogee of Pamela Rose Walter and Tracey Lewis Rauch,<br><br>Plaintiff,<br><br>v.<br><br>JASON WILLIAM MILAM, Individually, and d/b/a MILAM PLUMBING, INC.; and LOGAN DEVELOPERS, INC. t/a LOGAN CONSTRUCTION COMPANY,<br><br>Defendants. | **COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW Plaintiff, Safe Harbor Insurance Company, as Subrogee of Pamela Rose Walter and Tracey Lewis Rauch, by and through its undersigned counsel, and for its Complaint against Defendants Jason William Milam, Individually, and d/b/a Milam Plumbing, Inc. and Logan Developers, Inc. t/a Logan Construction Company, respectfully states to the Court and alleges the following:

## THE PARTIES

1. At all times relevant to the allegations contained herein, Plaintiff Safe Harbor Insurance Company ("Safe Harbor") was a Florida insurance company licensed to do business in the State of North Carolina. Safe Harbor provided insurance coverage to Pamela Rose Walter and Tracey Lewis Rauch against losses arising from certain hazards to their property located at 4260 Dunwoody Circle in Southport, North Carolina (the "House").

2. Pamela Rose Walter and Tracey Lewis Rauch (collectively "Ms. Walter and Mr. Rauch") are citizens and residents of the State of North Carolina, who at all times relevant to the

allegations contained herein, owned the real property and improvements and personal property located at 4260 Dunwoody Circle in Southport, Brunswick County, North Carolina.

3. At all times relevant to the allegations contained herein, the applicable Safe Harbor insurance policy was in full force and effect and provided coverage for damage to the House as well as to Ms. Walter's and Mr. Rauch's personal property.

4. Upon information and belief, Defendant Jason William Milam is an adult citizen and resident of the State of North Carolina. At all times relevant to the allegations contained herein, Mr. Milam performed residential plumbing work in Southport, North Carolina, including plumbing work to the House. At all times relevant, Mr. Milam performed residential plumbing work and services in his individual name and in the name of Milam Plumbing, Inc.

5. Upon information and belief, Defendant Milam Plumbing, Inc. is a corporation organized and existing under the laws of the State of North Carolina with its principal office located at 9545 Ploof Road, SE in Leland, North Carolina. Milam Plumbing, Inc. can be served with process via its Registered Agent, Joel Edward, Schram, III, at 855 Jenoa Loop Drive in Castle Hayne, North Carolina 28429.

6. Jason William Milam and Milam Plumbing, Inc. shall be individually and collectively referred to herein as "Milam."

7. Defendant Logan Developers, Inc. is a corporation organized and existing under the laws of the State of North Carolina with its principal office located at 60 Gregory Road, NE, Suite 1 in Belville, North Carolina. At all times relevant, Logan Developers, Inc. performed residential contracting work and services under the name Logan Construction Company. Logan Developers, Inc. can be served with process via its Registered Agent, D.I. Logan, at 60 Gregory Road, NE, Suite 1 in Belville, North Carolina 28451.

8. Logan Developers, Inc. t/a Logan Construction Company shall be individually and collectively referred to herein as "Logan."

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states in that the citizenship of the Plaintiff is completely diverse from the citizenship of the Defendants.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that the Defendants perform business in this district, and a substantial part of the events and acts and omissions causing the loss that is the subject of this action occurred in Southport, Brunswick County, North Carolina.

## FACTS

11. On March 18, 2023 a water loss occurred at the House which resulted in substantial damage to the House and Ms. Walter's and Mr. Rauch's property.

12. The water loss at the House was directly and proximately caused by Milam's careless, improper and negligent installation of a water supply line to a toilet located on the main floor of the House.

13. At all times relevant to the allegations contained herein, Milam held itself out to the general public as a professionally licensed plumber and/or otherwise qualified to perform professional residential plumbing work, including being a professional qualified to install toilets and water supply lines.

14. Prior to the water loss, Defendant Logan hired Defendant Milam to perform plumbing work and services at the House including, but not limited to, installation of the subject

toilet and water supply line. Defendant Logan was responsible for supervising and inspecting Milam's work to ensure it was properly performed, including making sure the subject toilet was properly installed.

15. As a direct and proximate result of the damage caused by the water loss, Ms. Walter and Mr. Rauch filed a property insurance claim with Safe Harbor. Safe Harbor, in response to this property insurance claim and in accordance with its obligations under the policy, has paid a total of at least One Hundred Eight Thousand Three Hundred Fifty-Two and 75/100 ($108,352.75) for damage caused by the water loss. The adjustment of this claim is ongoing and there may be additional damages associated with this loss.

16. To the extent of its payments for damage to covered property under the applicable property insurance policy, Safe Harbor is subrogated to all rights and claims Ms. Walter and Mr. Rauch may have against Defendant Logan and/or Defendant Milam.

17. All conditions precedent to bringing the causes of action contained herein have been met and this Complaint has been filed prior to any and all applicable claims limitations periods, including the applicable statute of limitations and statute of repose.

### **COUNT I – NEGLIGENCE**
(Defendants Jason William Milam, Individually, and d/b/a Milam Plumbing, Inc.)

18. Plaintiff reasserts the allegations contained in Paragraphs 1 – 17 of this Complaint as if stated in full herein.

19. Defendant Milam owed a duty to exercise due and reasonable care in performing plumbing work at the House, including but not limited to, properly installing the water supply line to the toilet located on the first floor of the House so as not to injure and/or damage all foreseeable persons, including Ms. Walter and Mr. Rauch and their property. Defendant Milam

4

had a duty to perform its work in a professional and workmanlike manner, and in accordance with all industry standards, customs and the applicable building codes.

20. Defendant Milam breached its applicable duty of care by the following negligent acts and omissions, which include, but are not limited to:

   (a) Failing to properly perform plumbing work at the House, including but not limited to, failing to properly install the water supply line for the toilet located on the first floor;

   (b) Failing to hire and/or employ competent agents, servants, employees, vendors, contractors or subcontractors to perform the work necessary to install the plumbing system at the House, including but not limited to, the water supply line for the toilet located on the first floor;

   (c) Failing to properly, adequately and safely supervise and instruct the activities of its agents, servants, employees, vendors, contractors or subcontractors during the work necessary to install the plumbing system at the House, including but not limited to, the water supply line for the toilet located on the first floor;

   (d) Failing to properly inspect all work in order to ensure the installation of the water supply line for the toilet located on the first floor of the House was properly performed;

   (e) Failing to properly, adequately and safely inspect and supervise the work performed by its agents, servants, employees, vendors, contractors, subcontractors and to make the necessary corrections and adjustments to such work, which inspections and tests would have revealed the existence of dangerous and/or defective conditions and which corrections and adjustments would have remedied same;

   (f) Permitting dangerous and/or defective conditions to exist at the House when Defendant Milam knew or should have known that such conditions would create an unreasonable risk of damage and destruction to the House;

   (g) Failing to perform its activities in a workmanlike manner and in accordance with industry standards, customs and usages;

   (h) Failing to act as a reasonable and prudent person under the circumstances; and

(i) Otherwise failing to use due care in ways that may be disclosed or determined during discovery.

21. At all times relevant, it was reasonably foreseeable to Defendant Milam that improperly performing its plumbing work at the House, including but not limited to negligently installing the water supply line for the toilet located on the first floor, would cause damage to the House and Ms. Walter's and Mr. Rauch's property.

22. As a direct and proximate result of the negligent and careless acts and omissions by Defendant Milam, Plaintiff has suffered damages in the amount of at least $108,352.75.

WHEREFORE, Plaintiff respectfully prays that it be granted judgment against Defendants Jason William Milam, Individually, and d/b/a Milam Plumbing, Inc., and Defendant Logan Developers, Inc. t/a Logan Construction Company, jointly and severally; that it recover reasonable and just compensatory damages as to each element of damage to which it is entitled, which includes an amount of at least $108,352.75; that it be awarded pre-judgment interest and costs; and that it recover such other and further relief as this Court may deem just and proper.

## COUNT II – NEGLIGENCE
(Defendant Logan Developers, Inc. t/a Logan Construction Company)

23. Plaintiff hereby incorporates and realleges paragraphs 1 – 22 as if fully stated herein.

24. Defendant Logan was the general contractor responsible for construction of the House and its components. As such, Defendant Logan owed a duty to exercise due and reasonable care in the construction of the House so as not to injure and/or damage all foreseeable persons, including Ms. Walter and Mr. Rauch and their property. Defendant Logan owed a duty to perform its work in a professional and workmanlike manner, and in accordance with all industry standards, customs and the applicable building codes.

25. Defendant Logan breached its applicable duty of care by the following negligent acts and omissions, which include, but are not limited to:

- (a) Failing to hire and/or employ competent agents, vendors, contractors or subcontractors to install plumbing at the House, including, but not limited to, the water supply line for the toilet located on the first floor;

- (b) Failing to properly, adequately and safely supervise and instruct the activities of its agents, vendors, contractors or subcontractors during the work performed in installing the plumbing at the House, including, but not limited to, the water supply line for the toilet located on the first floor;

- (c) Failing to properly inspect all work in order to ensure that the installation of the plumbing at the House had been properly performed, including, but not limited to, the water supply line for the toilet located on the first floor;

- (d) Failing to discover defects in the work performed by its subcontractors;

- (e) Failing to correct defective work;

- (f) Permitting dangerous and/or defective conditions to exist in the House when Defendant Logan knew or should have known that such conditions would create an unreasonable risk of damage and destruction to the House and the property therein;

- (g) Failing to warn of the dangerous and defective conditions which Defendant Logan knew or should have known existed, which created an unreasonable risk of damage and destruction to the House and the property therein;

- (h) Failing to perform its work in a reasonable and prudent manner;

- (i) Failing to construct the House in a proper and workmanlike manner;

- (j) Failing to perform its activities in accordance with industry standards, customs, and in accordance with the applicable building codes;

- (k) Failing to act as a reasonable and prudent contractor under the circumstances; and

- (l) Otherwise failing to use due care in other ways that may be disclosed or determined through discovery.

26. At all times relevant, it was reasonably foreseeable to Defendant Logan that improperly performing its work at the House would cause damage to the House and Ms. Walter's and Mr. Rauch's property.

27. As a direct and proximate result of the negligent and careless acts and omissions by Defendant Logan, Plaintiff has suffered the damages in the amount of at least $108,352.75.

WHEREFORE, Plaintiff respectfully prays that it be granted judgment against Defendant Logan Developers, Inc. t/a Logan Construction Company and Defendants Jason William Milam, Individually, and d/b/a Milam Plumbing, Inc., jointly and severally; that it recover reasonable and just compensatory damages as to each element of damage to which it is entitled, which includes an amount of at least $108,352.75; that it be awarded pre-judgment interest and costs; and that it recover such other and further relief as this Court may deem just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY IN THIS ACTION.

This the 14th day of August, 2023.

Respectfully submitted,

FALLS LAW FIRM, PLLC

By: /s/ H. Lee Falls, III
H. Lee Falls, III, Esquire, NC Bar #36183
David C. Boggs, Esquire, NC Bar #8182
1712 Euclid Avenue
Charlotte, NC 28203
Telephone: 704-314-4845 (Lee Falls)
Telephone: 704-314-4847 (David Boggs)
Facsimile: 704-519-2522
lfalls@fallslawfirm.com
dboggs@fallslawfirm.com

*COUNSEL FOR PLAINTIFF*